When a new trial has been granted by the Circuit Court, and a second trial had upon the merits, this Court is disinclined to disturb the last verdict.

## Ross and Wife *vs* Ross.

Error to the Lawrence Circuit.

*New trial.    Excessive damages.*

Judge Marshall delivered the opinion of the Court.

This is an action of slander brought by Ross and wife, for words spoken of the female plaintiff. The defendant pleaded not guilty, and on that issue a verdict was found for the plaintiffs for $434 in damages. But a new trial having been granted, to which the plaintiffs excepted, the plaintiffs, in making out their case on the second trial, failed to prove the time when the words were spoken, or that they were spoken before the commencement of the suit. Whereupon the jury was instructed, on motion of the defendant, to find as in case of a non-suit, and a verdict was accordingly rendered for the defendant, which the Court refused to set aside, on the motion of the plaintiffs, who again excepted, and bring the case here to reverse the judgment against them on the last verdict, and to obtain a judgment on the first.

This Court has recently shown a disposition to sustain second verdicts, when, upon a full and fair investigation of the merits of the case, on a second trial, and especially when upon additional evidence, a verdict has been found different from the first. Such a verdict affords, of itself, a strong argument in favor of the propriety of having granted the new trial, and of dispensing, in some degree, with the rigor with which the grounds for a new trial are generally scrutinized. In this case, however, the defendant has no such evidence of the justice of his cause, as might be furnished by a verdict in his favor upon the merits. But having taken advantage of what was, perhaps, a mere casual omission, to obtain instructions of extremely doubtful propriety, by which the case

was taken from the jury, when we are not sure but that the omission might have been supplied by inference, he can derive no advantage from the verdict thus obtained, but must abide by an [investigation of the grounds for setting aside the first verdict.

Upon looking into the first bill of exceptions, it appears that the defendant was proved to have uttered, with express malice, words substantially the same as those laid in the declaration, by which he imputed adultery to the female plaintiff, in terms the most gross and indecent. No opinion was given by the Court during the trial, of which the defendant can or does complain. The grounds filed for a new trial were: 1. That the verdict was against law and evidence. 2. That the Court erred in expounding the law and in overruling motions of the defendant, who does not appear to have made any. 3. That the damages are excessively and outrageously high; and, 4. That the defendant was surprised, as to which affidavits are referred to. The new trial was granted expressly on the ground that the damages were excessive. But there being no evidence of the pecuniary circumstances of the parties, we cannot admit that there is in the mere amount of the verdict, as compared with the character of the slander, or any circumstance appearing in the case, any ground to authorize the conclusion that the jury acted under the influence of corruption, or prejudice, or inordinate passion. And as in actions of tort, the amount of damages is a matter peculiarly within the determination of the jury, their verdict cannot be impeached on the ground of excess, unless it can be attributed to some improper motive or undue influence.

The two first grounds alledged as causes for a new trial, must be regarded as formal only; and with regard to the fourth, we need only remark, that the affidavits neither show any surprise on the part of the defendant, nor disclose any other matter which rendered it probable that the verdict would be different on another trial, or which, according to the decisions of this Court, can be deemed a sufficient ground for granting a new trial. There is nothing in the record which shows or makes it probable that the first trial was not full, and fair, and impartial. We

*Where the slanderous words, proved, was a charge of adultery in a female plaintiff, and made in gross and indecent language, and no proof of the pecuniary circumstances of the defendant, this Court is not authorized to say that a verdict for $434 in damages was excessive, and produced by either corruption or prejudice.*

are, therefore, constrained to adopt the conclusion, that the new trial was improperly and erroneously granted.

Wherefore, the judgment is reversed and the cause remanded, with directions to render a judgment in favor of the plaintiffs, upon the first verdict, and for the damages therein assessed.

*Morehead & Reed* for plaintiffs: *Apperson* for defendant.